[No. 4703.]

The Longmont Farmers' Milling and Elevator Company v. Aldridge.

**Practice in Civil Actions — Pleadings — Evidence — Variance — Findings of Court—Corporations.**

In an action against a corporation to recover commissions on flour sold by plaintiff under a written contract made with the manager of the corporation, the evidence showed that shortly before the execution of the contract the board of directors accepted a proposition from plaintiff substantially in the terms of

the written contract; that plaintiff devoted himself to the service of the defendant in accordance with the terms of said contract; and that such services were accepted and paid for by defendant for about eight years, except for the particular commissions for which this action was brought and which had been paid for more than two years. The court found that the directors having authorized the making of the contract, which was subsequently reduced to writing, it was immaterial whether or not such contract after being signed was formally adopted by the board. Held, that plaintiff having in good faith acted under the contract and performed the services, defendant, having received the benefit thereof and having partially paid for the same, cannot now be heard to complain of a judgment against it for the value of so much of the services as have not been paid for, because the trial court based its judgment upon reasoning, not in harmony with the complaint, but upon evidence which supports its essential allegations.—P. 97.

*Appeal from the District Court of Arapahoe County. Hon. John D. Mullins, Judge.*

Action by Washington Aldridge against The Longmont Farmers' Milling and Elevator Company. From a judgment in favor of the plaintiff, defendant appeals.    *Affirmed.*

Messrs. Thomas, Bryant & Lee and Mr. Edwin Parks, for appellants.

Mr. S. E. Robinson and Mr. Andrew W. Gillette, for appellees.

Mr. Justice Bailey delivered the opinion of the court:

This action is brought to recover commissions for the sale of flour according to the terms of a written contract set out in the complaint, dated Oct. 31st, 1894, signed "Longmont Farmers' M. & E. Co., S. Butler, Mgr.," and by the plaintiff.

Among other things, the contract provides that defendant should pay the plaintiff the sum of $3\frac{1}{2}$ cents per 98 lb. sack on all orders received direct by

the party of the second part, or otherwise received from the territory mentioned therein.

Defendant filed a general denial and counterclaim.

The proof shows that upon Sept. 1st, 1894, the board of directors of defendant company held a meeting and in the minutes of proceedings the following appears:

"W. Aldridge appeared and expressed a desire that the present arrangement of paying him a commission be changed so that he would have a commission of $3\frac{1}{2}$ cents on all sales made in what is known as his territory, for the space of one year. The secretary was instructed to inform him that his proposition would be accepted, except that the time be left open."

On May 12th, 1894, in the records of the defendant, the following appears:

"Mr. Aldridge appeared to apply for agency, but not exclusive, for selling P. of R. (a brand of flour) in state instead of Denver. This was granted on the following conditions."

The conditions are not material to this controversy and this excerpt from the proceedings of May 12th is mentioned for the purpose of determining the meaning of the phrase "his territory," contained in the proceedings of Sept. 1st.

It appears from the testimony that plaintiff, among other sales, sold large quantities of flour to the Colorado Trading and Transfer Company, at Cripple Creek, and that said sales commenced shortly after the employment of plaintiff by defendant and continued until his discharge. The defendant paid the commissions on these sales for a considerable period, and then ceased doing so.

The action was tried in the district court of Arapahoe county and judgment rendered for plain-

tiff for the amount of commissions said to be due upon the sales made to the Colorado Trading and Transfer Company, less the amount of defendant's counter-claim.   The court made special findings, wherein it finds that on the 12th of May a contract was made and entered into by and between the plaintiff and defendant, wherein the plaintiff should have the agency for the sale of defendant's flour; and that on the first of September a second contract was made between plaintiff and defendant, modifying the one made on the 12th of May; that the board of directors of defendant had no knowledge that the contract pleaded had been made by its general manager, and that the contract of Sept. 1st and the one of Oct. 31st were practically identical.

In the conclusions of law found by the court it is said:

"In view of the contract of September first, it is unnecessary for the court to pass on the question raised as to the authority of the manager to make the contract of October 31st, or of its modification subsequently by the board of directors of defendant company."

The contention of the defendant is that the findings of the court are not based upon the pleadings and that, in so far as they are based upon the evidence, there is a variance between the evidence and the pleadings. We do not believe that the findings of the court and the facts in the record warrant this construction.

The fair intendment to be drawn from the findings is that the board of directors on the first of September made or authorized the making of the contract, which was subsequently reduced to writing, and that it is immaterial as to whether or not this contract, after having been reduced to writing and signed, was formally adopted by the board.

The proof shows that from the time of the making of the contract, the plaintiff devoted himself to the service of the defendant. The services were accepted and paid for in accordance with the terms and provisions of the agreement, for about eight years, with the exception of the sales made to the Colorado Trading and Transfer Company. As to that transaction, it is conclusively shown that the sales were made by plaintiff; that defendant's board of directors knew of it; that the orders were filled and the commissions were paid for something more than two years, when the defendant ceased giving plaintiff credit on account of such sales. This fact did not come to the knowledge of the plaintiff for some time, and when it did come to his knowledge he, acting under the advice and counsel of the then manager of the defendant, failed to protest. Upon plaintiff's resignation or discharge a demand was made for these commissions, was refused, and plaintiff brought this action.

If there is any variance between the findings of the trial court and the pleadings, they in no wise prejudice the rights of the defendant. Under the testimony the court might well have found that the pleaded contract was the formal reduction to writing of the memorandum of agreement entered in the company's books upon September 1st, and that the same was ratified and adopted by the board of directors.

Plaintiff having in good faith acted under the contract, performed the services, and defendant having received the benefit of the services and having partially paid for the same, cannot be heard to complain of a judgment against it for the value of so much of the services as has not been paid for, because the trial court based its judgment upon reasoning not in harmony with the complaint, but upon evidence

which supports the essential allegations of the complaint.

The other alleged errors are necessarily disposed of by this ruling. The testimony of the conversations with the manager of The Colorado Trading and Transfer Company was admissible for the purpose of showing that the sales of defendant's flour were made to the company by plaintiff. The substantial rights of the parties not being affected by any error which the trial court may have committed in the phraseology of its findings, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.